**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | |
|---|---|
| **TEX PAT, LLC,** <br> *Relator*, <br> v. <br> **(1) 3M COMPANY,** <br> **(2) 3M PURIFICATION INC., f/k/a/ CUNO** <br> **INCORPORATED, and** <br> **(3) CUNO ENGINEERED PRODUCTS, INC.,** <br> *Defendants*. | **Civil Action No.** <br><br> **JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR FALSE PATENT MARKING

Relator Tex Pat, LLC ("Relator") makes the following allegations against 3M Company ("3M Co.") and 3M's subsidiaries—3M Purification Inc., f/k/a CUNO Incorporated ("3M Purification"), and CUNO Engineered Products, Inc. ("Cuno Engineered")—(collectively, "3M" or "Defendant"):

### NATURE OF THE ACTION

1. This is a *qui tam* action for false patent marking under 35 U.S.C. § 292.

### PARTIES

2. Relator is a Texas limited liability company having a principal place of business at 2300 Richmond Avenue, Suite 345, Houston, TX 77098. Relator has appointed Philip D. Racusin, 2300 Richmond Avenue, Suite 345, Houston, TX 77098, as its agent for service of process.

3. On information and belief, 3M Co. is a Delaware company with its principal place of business at 3M Center, St. Paul, MN 55144. 3M Co. has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, as its agent for service of process.

4.  On information and belief, 3M Purification is a Delaware corporation with its principal place of business at 400 Research Parkway, Meriden, CT 06450.   3M Purification has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, as its agent for service of process.

5.  On information and belief, Cuno Engineered is a Minnesota Corporation with its principal place of business at 3130 Lexington Ave South, Saint Paul, MN 55121.  Cuno Engineered can be served via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process at its registered office, 1000 Apollo Road, Eagan, MN 55121.

## JURISDICTION AND VENUE

6.  This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.  Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this Forum, including: (i) at least a portion of the false marking, affixing, or advertising alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and/or services provided to individuals in Texas and in this District.

8.  Venue is proper in this district under 28 U.S.C. §§1391(b), 1391(c), and 1395(a). Defendant has and continues (and/or has and continues to cause others) to transact business in this District, and has and continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising, in this District, the product(s) subject to

this Complaint, which Defendant has and continues (and/or has and continues to cause others) to make, use, offer for sale, or sell in, and/or import into, this District.

## FACTS

9.  3M has and continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising patents, including, by way of example only, U.S. Patent No. 4,673,609 ("the '609 Patent"), a true and correct copy of which is attached as <u>Exhibit A</u>, in connection with 3M's products and/or related packaging and advertisements, including, by way of example only, the 3M Scotchal<sup>TM</sup> Perforated Window Graphic Film IJ8171 and RG8171 products, as illustrated in <u>Exhibit B</u>.

10. The '609 Patent (<u>Exhibit A</u>), which is titled "Unidirectional Panel," was filed in the United States on July 29, 1985 and issued on June 16, 1987.

11. The '609 Patent expired, at the very latest, on July 29, 2005.

12. When the '609 Patent expired, all future rights in the patent ceased to exist.

13. Subsequent to expiration of the '609 Patent, 3M has and continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising the '609 Patent in combination with the 3M Scotchal<sup>TM</sup> Perforated Window Graphic Film IJ8171 and RG8171 products.  *See, e.g*., <u>Exhibit B</u> (bearing a copyright date of 2006 and marking, affixing, and/or advertising the '609 Patent).

14. 3M has and continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising patents, including, by way of example only, U.S. Patent Nos. 4,352,359 ("the '359 Patent"), 4,524,087 ("the '087 Patent"), and 4,539,996 ("the '996 Patent"), true and correct copies of which are attached as <u>Exhibits C-E</u>, respectively, in connection with 3M's products and/or related product packaging and advertisements,

including, by way of example only, the Electrosurgical Grounding Pads products, as illustrated in <u>Exhibit F</u>.

15. The '359 Patent (<u>Exhibit C</u>), which is titled "Biomedical Electrode," was filed in the United States on June 2, 1980 and issued on October 5, 1982.  The application for the '359 Patent is a continuation of S/N 940,734, filed September 8, 1978, which is a continuation-in-part of S/N 825,870, filed August 19, 1977.

16. The '359 Patent expired, at the very latest, on October 5, 1999.

17. The '087 Patent (<u>Exhibit D</u>), which is titled "Conductive Adhesive and Biomedical Electrode," was filed in the United States on July 18, 1983 and issued on June 18, 1985.  The application for the '087 Patent is a division of S/N 114,565, filed January 23, 1980.

18. The '087 Patent expired, at the very latest, on June 18, 2002.

19. The '996 Patent (<u>Exhibit E</u>), which is titled "Conductive Adhesive and Biomedical Electrode," was filed in the United States on July 18, 1983 and issued on September 10, 1985.  The application for the '996 Patent is a continuation of S/N 114,565, filed January 23, 1980.

20. The '996 Patent expired, at the very latest, on September 10, 2002.

21. When the '359 Patent, the '087 Patent, and the '996 Patent expired, all rights in those patents ceased to exist.

22. Subsequent to expiration of the '359 Patent, the '087 Patent, and the '996 Patent, 3M has and continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising these patents in combination with its Electrosurgical Grounding Pads.  *See, e.g.*, <u>Exhibit F</u> (bearing a copyright date of 2008, more specifically an

electronic creation date of April 2, 2008, and marking, affixing, and/or advertising the '359 Patent, the '087 Patent, and the '996 Patent).

23. 3M has and continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising patents, including, by way of example only, U.S. Patent No. 4,791,540 ("the '540 Patent"), a true and correct copy of which is attached as <u>Exhibit G</u>, in connection with 3M's products and/or related product packaging and advertisements, including, by way of example only, the Vikuiti<sup>TM</sup> Brightness Enhancement Film - II (BEFII) 90/50, Product Kit - 10 Sheets products, as illustrated in <u>Exhibit H</u> (containing two separate pages from 3M's website).

24. The '540 Patent (<u>Exhibit G</u>), which is titled "Light Fixture Providing Normalized Output," was filed in the United States on May 26, 1987 and issued on December 13, 1988.

25. The '540 Patent expired, at the very latest, on May 26, 2007.

26. When the '540 Patent expired, all rights in the patent ceased to exist.

27. Subsequent to expiration of the '540 Patent, 3M has and continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising the '540 Patent in combination with its Vikuiti<sup>TM</sup> Brightness Enhancement Film - II (BEFII) 90/50, Product Kit - 10 Sheets products.  *See, e.g.*, <u>Exhibit H</u> (illustrating two separate web pages, both bearing copyright dates of 2010, and marking, affixing, and/or advertising the '540 Patent).

28. 3M has and continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising patents, including, by way of example only, U.S. Patent Nos. 4,799,137 ("the '137 Patent") and 5,040,833 ("the '833 Patent"), true and correct

copies of which are attached as <u>Exhibits I-J</u>, respectively, in connection with 3M's products and/or related product packaging and advertisements, including, by way of example only, the Vikuiti™ Transmissive Right Angle Film (TRAF), Product Kit – 10 Sheets and Vikuiti™ Transmissive Right Angle Film (TRAF) Product Kit – 30 Sheets products, as illustrated in <u>Exhibit K</u> (illustrating three separate pages from 3M's website).

29. The '137 Patent (<u>Exhibit I</u>), which is titled "Reflective Film," was filed in the United States on March 24, 1987 and issued on January 17, 1989.

30. The '137 Patent expired, at the very latest, on March 24, 2007.

31. The '833 Patent (<u>Exhibit J</u>), which is titled "Closing Device for Drawers," was filed in the United States on May 1, 1990 and issued on August 20, 1991.

32. The '833 Patent expired, at the very latest, on May 1, 2010.

33. When the '137 Patent and the '833 Patent expired, all rights in those patents ceased to exist.

34. Subsequent to expiration of the '137 Patent and the '833 Patent, 3M has and continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising these patents in combination with its Vikuiti™ Transmissive Right Angle Film (TRAF), Product Kit – 10 Sheets and Vikuiti™ Transmissive Right Angle Film (TRAF) Product Kit – 30 Sheets products. *See, e.g.*, <u>Exhibit K</u> (bearing on all three web pages a copyright date of 2010 and marking, affixing, and/or advertising the '137 Patent and/or the '833 Patent).

35. 3M has and continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising patents, including, by way of example only, U.S. Patent Nos. 4,859,340 ("the '340 Patent"), 4,007,113 ("the '113 Patent"), 4,981,591 ("the '591

Patent"), 5,085,780 ("the '780 Patent"), and 5,085,784 ("the '784 Patent"), true and correct copies of which are attached as Exhibits L-P, respectively, in connection with 3M's products and/or related product packaging and advertisements, including, by way of example only, the Zeta Plus® Filter products, as illustrated in Exhibit Q.

36. The '340 Patent (Exhibit L), which is titled "Filter Sheet," was filed in the United States on April 21, 1988 and issued on August 22, 1989.  The term of the '340 Patent subsequent to December 15, 1998 has been disclaimed.

37. The '340 Patent expired, at the very latest, on December 15, 1998.

38. The '113 Patent (Exhibit M), which is titled "Particulate Filter Medium and Process," was filed in the United States on July 22, 1975 and issued on February 8, 1977. The application for '113 Patent is a continuation-in-part of S/N 358,822, filed May 9, 1973.

39. The '113 Patent expired, at the very latest, on July 22, 1995.

40. The '591 Patent (Exhibit N), which is titled "Cationic Charge Modified Filter Media," was filed in the United States on April 7, 1989 and issued on January 1, 1991.

41. The '591 Patent expired, at the very latest, on April 7, 2009.

42. The '780 Patent (Exhibit O), which is titled "Use of Cationic Charge Modified Filter Media," was filed in the United States on November 27, 1990 and issued on February 4, 1992.  The application for '780 Patent is a division of S/N 335,995, filed April 7, 1989.

43. The '780 Patent expired, at the very latest, on April 7, 2009.

44. The '784 Patent (Exhibit P), which is titled "Use of Cationic Charge Modified Filter Media," was filed in the United States on November 27, 1990 and issued on

February 4, 1992.  The application for the '784 Patent is a division of S/N 335,995, filed April 7, 1989.

45. The '784 Patent expired, at the very latest, on April 7, 2009.

46. When the '340 Patent, the '113 Patent, the '591 Patent, the '780 Patent, and the '784 Patent expired, all rights in those patent ceased to exist.

47. Subsequent to expiration of the '340 Patent, the '113 Patent, the '591 Patent, the '780 Patent, and the '784 Patent, 3M has and/or continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising these patents in combination with its Zeta Plus® Filter products.  *See, e.g.*, Exhibit Q (providing marketing material—available at the time of filing of this complaint on 3M's website[1]— that bears a copyright date of 2004 and marks, affixes, and/or advertises the '340 Patent, the '113 Patent, the '591 Patent, the '780 Patent, and the '784 Patent).

48. 3M has and continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising patents, including, by way of example only, U.S. Patent No. 4,309,247 ("the '247 Patent"), a true and correct copy of which is attached as Exhibit R, in connection with 3M's products and/or related product packaging and advertisements, including, by way of example only, the Zeta Plus® H Series Filter Sheet products, as illustrated in Exhibit S.

49. The '247 Patent (Exhibit R), which is titled "Filter and Method of Making Same," was filed in the United States on February 21, 1980 and issued on January 5, 1982.  The application for the '247 Patent is a continuation of S/N 666,815, filed March 15, 1976.

50. The '247 Patent expired, at the very latest, on January 5, 1999.

---

[1]   *See* 3M's Website at www.3m.com/intl/br/3mpurification/Pdfs/ALIMENTOS%20E%20BEBIDAS/ Wine%20Catalog.pdf (last visited July 18, 2010).

51. When the '247 Patent expired, all rights in the patent ceased to exist.

52. Subsequent to expiration of the '247 Patent, 3M has and continues (and/or has and continues to cause others) to mark upon, affix to, and/or use in advertising the '247 Patent in combination with its Zeta Plus® H Series Filter Sheet products.  *See, e.g.,* Exhibit S (bearing a copyright date of 2003 and marking, affixing, and/or advertising the '247 Patent).

53. 3M has decades of experience applying for, obtaining, licensing, and/or litigating patents.  *See, e.g.*, Exhibit T at pp. 9, 103 of 188 (providing in 3M's 2009 Annual Report that "[3M's] research and development activities generate a steady stream of inventions that are covered by new patents" and specifying $457,000,000 in patent assets in 2009).

54. 3M is a large, sophisticated company.  *See, e.g.*, Exhibit T at p. 5 of 188 ("3M is a diversified technology company with a global presence in the following businesses: Industrial and Transportation; Health Care; Consumer and Office; Safety, Security and Protection Services; Display and Graphics; and Electro and Communications.  3M is among the leading manufacturers of products for many of the markets it serves.").

55. 3M has, and routinely retains, sophisticated legal counsel.  *See, e.g.*, Exhibit T at p. 12 of 188 (noting 3M's General Counsel).

56. 3M knows, and at the very least reasonably should know, that expired patents do not cover any 3M products, or any products whatsoever.  *See, e.g.*, Exhibit T at p. 46 of 188 (demonstrating in 3M's 2009 Annual Report that 3M knows how to calculate patent expiration, by providing, for example, that "[a]s some of 3M's . . . patents begin to expire in the next few years, 3M will likely see more competition in these products"); *see also id*. at pp. 9-10 of 188 ("Patents applicable to specific products extend for varying periods

according to the date of patent application filing or patent grant and the legal term of patents in the various countries where patent protection is obtained.").

57. As a result of its false marking, affixing, and/or advertising, 3M has injured the United States Government, including its sovereign interest, and 3M's existent and potential competitors, as well as the general public, including Relator—a member of the general public incurring the time and expense of enforcement.  *See, e.g.*, Exhibit T at p. 11 of 188 ("[3M] believes that its patents provide an important competitive advantage in many of its businesses"); *see also id*. at p. 46 of 188 ("These patents provide varying levels of exclusivity to 3M for a number of such products.").

## CLAIM

58. Relator incorporates paragraphs 1–57 as if fully set forth herein.  3M has violated 35 U.S.C. § 292 by falsely marking, affixing, and/or advertising their products, including the 3M Scotchal[TM] Perforated Window Graphic Film IJ8171 and RG8171, Electrosurgical Grounding Pads, Vikuiti[TM] Brightness Enhancement Film - II (BEFII) 90/50, Product Kit - 10 Sheets, Vikuiti[TM] Transmissive Right Angle Film (TRAF), Product Kit – 10 Sheets, Vikuiti[TM] Transmissive Right Angle Film (TRAF) Product Kit – 30 Sheets, Zeta Plus® Filter, and Zeta Plus® H Series Filter Sheet products, with intent to deceive the public.

## PRAYER FOR RELIEF

WHEREFORE, Relator respectfully requests that this Court enter:

(a).    A judgment in favor of Relator that Defendant has falsely marked items in violation of 35 U.S.C. § 292;

(b).    A monetary award pursuant to 35 U.S.C. § 292 in the form of a civil fine of $500 per falsely marked article, or an alternative amount, as set by the Court, one-half of any such award to be paid to the United States;

(c).    An accounting for any falsely marked articles not presented at trial and a monetary award set by the Court for such falsely marked articles;

(d).    An award of pre-judgment and post-judgment interests on any monetary award;

(e).    An injunction prohibiting Defendant, and its officers, directors, agents, servants, employees, attorneys, licensees, successors, and assigns, and those in active concert or participation with any of them, from violating 35 U.S.C. §292; and

(f).    Any and all other relief, at law or equity, to which Relator may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Relator, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.


Dated: July 18, 2010                                Respectfully submitted,

                                                    By: /s/ Hao Ni

                                                    Hao Ni – LEAD COUNSEL
                                                    State Bar No. 24047205
                                                    Ni Law Firm PLLC
                                                    3102 Maple Avenue, Suite 400
                                                    Dallas, TX 75201
                                                    (214) 800-2208
                                                    hni@nilawfirm.com

Tyler K. Brochstein
State Bar No. 24059490
Brochstein Law Firm, PLLC
2820 McKinnon Street, Suite 4063
Dallas, TX 75201
(214) 444-3310
tyler@brochlaw.com

Jack L. Siegel
State Bar No. 24070621
Jack L. Siegel PLLC
3530 Travis Street, Suite 421
Dallas, TX 75204
(214) 699-1498
jack@jlsiegellaw.com

**Attorneys for Relator**
**TEX PAT, LLC**